number one eight one one five zero to Rubio Rojas-Medina v. United States thank you Mr. Perez, good morning. Good morning your honors and may it please the court my name is Franco Perez I represent the petitioner appellant in this matter Toria Rojas-Medina. May I please reserve three minutes for rebuttal. You may. Thank you we are here today because the district court applied an incorrect legal standard to deny Mr. Rojas-Medina's 2255 motion. The Supreme Court in Garza versus Idaho. Okay so the government's conceded that Garza resolves one question so let's assume that we've adopted your Garza argument. Could you get to the other issues please? Yes your honor so let me begin with the contention that we make in our brief that Mr. Rojas' attorney did not actually consult and when you look at the facts in this case I think it is fairly evident that Mr. Rojas' CJA attorney did not live up to that duty and the first thing that we have to keep in mind is that this meeting this two-minute conversation between Mr. Rojas and his attorney following sentencing the only thing defense counsel told Mr. Rojas was listen the district court made some last-minute changes at the sentencing hearing to the PSR and for that reason you got 70 months. Oh and by the way if you waived your right to appeal but if you come up with anything that you think we should appeal you should let me know so that I can file something within 14 days and we respectfully submit that that is woefully inadequate in any league. As I understand the case law let's assume that this was inadequate consultation I'm not sure we should adopt a two-minute rule but that the content of the conversation was insufficient then you also have to show that there was a duty and that duty arises only if one of two conditions or both are met. One of them is a reasonable a defendant sufficiently conveyed to a reasonable defendant to his lawyer that he wanted to appeal and the other is gosh any reasonable defendant would have wanted to appeal. So can you take your arguments and address the first one and then the second one? Yes, the first one being that Mr. Rojas actually had an interest in appealing? Well whether counsel got it or not a reasonable counsel should have gotten it from what the defendant conveyed to him. Right, so in this case when we look at the totality of the circumstances we see that first of all Mr. Rojas expressed to his attorney during that two-minute conversation you know it seems the first thing out of his mouth was why did I get so much time and I think even though Mr. Rojas did not in kathematic word appeal or say listen I want to appeal I think that is a very big red flag for any reasonable attorney. And that becomes again more evident when we look at the circumstances of the case. When Mr. Rojas arrived at the sentencing hearing he was expecting or it was likely that he would receive a sentence of 56 months with the criminal history category as calculated. By the excuse me 57 months as calculated by the PSR. However and again his trial attorney requested 46 months in the sentencing memo which is even lower but then after that the court made these last-minute revisions defense counsel even though he was given an opportunity to consult with Mr. Rojas about it simply said no no I can go ahead don't worry I don't need any additional time and just go forward. So I think Mr. Rojas' reasonable expectation and not those words alone I think would suffice. Is it also significant that the counsel filed a motion for reconsideration? Is that some indication that he knew of his client's unhappiness with the sentence? Yes that is correct your honor. I think that even though Mr. Rojas may not have shown in his demeanor that he was upset those words are enough and again objectively speaking those arguments that defense counsel made in his so-called motion for reconsideration are arguments that one would traditionally see in an appeal brief. Counsel Judge Salyer was pointing you to objective criteria as opposed to the more subjective his expectations were disappointed and we do know from the magistrate judges findings that there was no express request to appeal. But I tend to view this as Judge Salyer does that the immediate filing of a motion for reconsideration which was an improper device but apparently was thought to be just short of an appeal if it was available it was a way of trying to address the issue of the sentence. And isn't that enough to show that it was reasonably conveyed to counsel that he wanted further action taken? Yes and I would agree with that and especially given again the circumstances here Mr. Rojas he and his very humble background he is an indigent defendant low income so when a client like that which are by and large most of our clients belong in that class of defendants conveys that information yes that should be enough to trigger that. But I think more than maybe I should consult and explain what the options are here rather than simply assuming that the client wants a motion for reconsideration. Okay so as I understand it the relief you want is for us to say to reverse and send it back with instructions that your client can proceed with a notice of appeal regardless of the time that has passed. And that then the notice of appeal would be filed and the arguments would be made pursuant to that as to why the waiver of appeal doesn't matter and so on is that correct? That is correct your honor all Mr. Rojas wants is his day in court and the government can argue that the waiver is enforceable at that other stage it should not be decided in this instance. Okay thank you. Thank you your honors. Second Mr. Perez. Good morning. Good morning. Good morning and may it please the court Antonio Perez on behalf of the United States. The district court's denial of Mr. Rojas' habeas petition should be affirmed because under the standard established in Roe v. Flores Ortega Mr. Rojas cannot show that his counsel had a duty to consult with him, failed to consult with him regarding an appeal and but for his attorney's failure to consult he would have timely appealed. Let me start first with a consideration of whether Mr. Rojas' attorney had in fact any duty to consult with Mr. Rojas regarding an appeal. As Judge Lynch pointed out Flores Ortega said that an attorney has a duty to consult whenever a rational defendant would want to appeal or when this particular defendant reasonably demonstrated an interest in appealing. Let's talk about what this particular defendant demonstrated. At his first possible opportunity after the imposition of sentence he complained to his attorney. Is that correct? At his first possible opportunity. Sentence was handed down. He was taken to the cell block and before he was put in the cell he had a chance to talk with his attorney for two minutes and the first and virtually only thing he said to him was what happened out there? Explain this to me. Why'd they get so high a sentence? Well Mr. Rojas in his testimony contends that he said why he got so high a sentence. Yeah. Mr. Amicea the attorney. And that's a complaint about the sentence right? So that his attorney knew right from the get go from the first available opportunity that he had a client who was dissatisfied with the sentence. I think your honor I think we need to look at the totality of the circumstances here. Look at the other circumstances. Why would his attorney have filed this motion for reconsideration if the attorney didn't believe that the client was dissatisfied with the sentence? Your honor his client's subjective belief about what sentence he would have received. But the question is did the client communicate? Bear in mind we've got a client who is a monolingual Spanish speaker. He is not a literate individual. The question is did he communicate to the attorney that he was reasonably interested in appealing? We don't expect him to use the same words that a law school graduate would use. So what more can he say other than that he's unhappy with the sentence and that he believes there must be something that can be done about it. Your honor I would first point out that Mr. Amicea in his testimony testified that he didn't communicate at all any disinterest in the sentence and that he did not seem to be upset. But the magistrate judge who heard the witnesses credited the petition as testimony. But the district court did not make a finding on whether... No the district court never saw or heard the witnesses so indulge me. Let's say because the magistrate judge saw the witnesses and made a finding that I'm prepared to credit that testimony. Sure. Doesn't that express reasonably an interest in contesting this sentence? I would contend that under the totality of the circumstances it did not. In Flores-Ortega the court made clear... Okay what in the totality of the circumstances shows that he wasn't interested in appealing? Sure. So in Flores-Ortega the court made clear that we have to look at everything that the attorney knew or should have known and what we need to take into account... No, no, no, no. We're talking about whether the client was reasonably interested. All right. And conveyed to counsel. And conveyed to counsel a reasonable interest in appeal. So, again, I think we need to take into consideration everything that happened throughout the representation. In fact, Flores-Ortega says that relevant factors in determining if counsel had a duty to consult is one, did the conviction follow a plea agreement or a trial? And if it followed a plea agreement, if he received the sentence that he bargained for, and if he expressly reserved or waived some or all appeal rights. And in this case all three of those factors weigh against the finding that the attorney... This client didn't receive the sentence that he bargained for. It may have been within the letter of the plea agreement, but that's because the CHC was changed at the last minute. This client never signed the plea agreement expecting he was going to get a sentence of this magnitude. Well, he signed a plea agreement, Your Honor. Yes, that said, that said that the government would, that he was exposing himself to a sentence at a guideline range that was different than the guideline range he was sentenced at, and where even the government at sentencing went along with the defense counsel's request that he be sentenced to 46 months. That's the range he expected to be sentenced in. And the district court, and I'm not criticizing the court, because of the change in the CHC, sentenced him to a considerably higher sentence. But to say that he was sentenced within the range that he expected to be sentenced? Well, Your Honor, if I may just discuss what the plea agreement actually said. The plea agreement contained a sentence recommendation that said that both the government and the defendant agreed to recommend a sentence at the bottom end of the guideline range for a total offense level of 21 and the criminal history category as determined by the court. So it expresses left up to the court what criminal history category he was going to be sentenced at. I'm a little uneasy about relying too much on expectations of the defendant. But it seems to me when defense counsel says to the defendant essentially, oh, I'm going to file a motion for reconsideration, which, frankly, defense counsel should have known that we, for the last decade before he made that statement, had told counsel in Puerto Rico there is no such thing, you can't get relief by doing that. Had he said your only option at this point is to take an appeal because there is no motion for reconsideration, which is what counsel should have said, do you have any doubt the guy would have said, yes, I want to take an appeal? I don't believe that he would have, Your Honor, because, again, when we look at all the circumstances in this case, it shows that an appeal would have been futile. Well, that's, no, no, no. That's not, that may be the test under whether any reasonable person would have wanted to take an appeal. I don't know. We probably don't have to reach that question. Here we have a guy whose lawyer says, in essence, I'm going to be responsive to your concerns, but I'm going to file a motion which doesn't actually exist, and the only real alternative was filing an appeal. And at that point, he should have had a further conversation with the guy about taking an appeal. From the defendant's point of view, he doesn't much care, does he, whether it's a motion to reconsider or a motion for appeal. He just wants his sentence reduced. Correct, Your Honor, but I think we need to take into consideration that the motion for reconsideration admittedly did not have a high chance of success. It had no chance of success, and counsel was incompetent in filing such a motion and in advising his counsel that he was going to file such a motion. For some reason, 10 years' worth of rulings from this court didn't seem to filter down to the defense bar, and the government doesn't come in immediately and say you can't do that. Eventually, the district court denies the motion, and then no appeal is taken, and the defendant is left in this sort of helpless position. And, of course, the defendant isn't told about the denial of the motion for reconsideration until he, some weeks later, affirmatively requests the docket sheet. So he has no opportunity to appeal. Well, I would point out the opposite of that also, Your Honor, which is that his counsel at the end of sentencing told him if he wanted to file a notice of appeal, he could let him know either then or within the next 14 days, and he never let his counsel know that he would like to file a notice of appeal. And you think that single statement fulfills counsel's duty to consult? I think that when we look at... That informs the defendant of the advantages and disadvantages of appealing? Again, Your Honor, I think we need to look at the totality of the representation. It's not just what was said post-sentencing. It's what was said throughout the representation. I would analogize to the right to... A defendant's right to testify at trial. We wouldn't just look at a really brief conversation at the precise moment at trial when he could have testified. We would look at the entire representation. If we look at the entire representation here, we see that Mr. Rojas, his counsel, had, in fact, discussed a waiver of appeal with his client. The effects that that would have, the possible sentences that he faced under the plea agreement, and he also said that he discussed the effects of different criminal history categories on the possible sentences that Mr. Rojas would face. You're probably right that we need to consider all of that. And I don't think the issue is in front of us in another case about the attorney saying, if you want to appeal, get back in touch with me. Because I don't think that that is the case in front of us. We have the lawyer saying, I'm going to do something about your unhappiness. I'm going to file this motion for reconsideration. And the defendant is then left with the idea that action is going to be taken. He doesn't know a motion for reconsideration from an appeal. Correct, Your Honor, but all that happened in the context of him telling him, after he had adequately consulted with him about his waiver of appeal and its effect on a possible appeal throughout the representation, right after sentence he tells him, he reminds him he has his waiver of appeal, but lets him know, if you still want to appeal, let me know within the next 14 days. And then the attorney independently decides. And he doesn't engage in a discussion of the difference between a motion for reconsideration and an appeal. I'm sorry, Your Honor, I didn't quite catch the question. He doesn't discuss with the client the difference between a motion for reconsideration, which actually doesn't exist under the law, and an appeal. He doesn't, but I would contend that he had already effectively consulted with him about his appeal rights throughout the representation, and that when he decided, he decided to plead guilty, and he received the benefit of that bargain because, in addition, two charges against him, initially the indictment charged three counts against him, two of those were dismissed, significantly decreasing his sentencing exposure because he signed a waiver of appeal, and the government agreed to recommend a low-end guideline sentence, which is what he got. So his attorney had consulted with him regarding the advantages and disadvantages of appealing throughout the representation, and he received various advantages of not appealing throughout the representation. So given those circumstances, post-sentencing, a simple conversation of, you have a waiver of appeal, but if you still want to appeal, you can let me know. We submit that that is sufficient consultation if, in fact, he had a duty. The last point that I'd just like to make is that Mr. Rojas does need to show that he was prejudiced by his attorney's failure to consult, assuming he has already proven that he failed to consult and he had a duty to consult, and he needs to show that, but for his attorney's failure to consult, he would have filed a timely appeal. Mr. Rojas cannot show that in this case. Mr. Rojas, are you backing away from the 28J letter and the fact that the Garza presumption of prejudice applies even when there are waivers of appeal? Not at all. Okay, so what's the different argument? Okay, so what Garza said was simply that he doesn't have to show prejudice in the sense that he doesn't have to show that he would have had a successful appeal. However, under Flores-Ortega, which Garza leaves untouched, it still says that there's a preliminary showing of prejudice necessary, which is that he needs to show that, but for his attorney's failure to consult, he would have timely filed an appeal, and he cannot show that in this case. Mr. Rojas, Flores-Ortega did say that a highly relevant factor in showing that you would have timely appealed is whether you had non-federalist grounds for appeal, which he doesn't show in this case. We have this plea agreement left open whether or not the sentence was to be imposed concurrent or consecutive, right? It allowed the defendant to argue for concurrent sentences. But it opened. It did not provide that the sentence was to be imposed consecutively or concurrently with any state sentence. Is that a true statement or isn't it? It simply provided the defendant a right to argue for that fact. Is there a provision in the agreement that provides for either a concurrent or a consecutive sentence? It does not state definitively whether it's going to be consecutive. We have a precedent, do we not? A reported case saying that when the plea agreement contains no such provision, an appeal waiver does not bar an appeal arguing that a sentence that was imposed consecutively should have been imposed concurrently. Yes, and in that case, the plea agreement was silent on the issue. Yes, that's right, and here it was effectively silent on the issue. It said the defendant has a right to argue, but it didn't provide that there was no provision for the sentence to be made consecutive. So why isn't that a non-frivolous ground to appeal? I'm not saying in the subsequent case you can argue to a different panel, God willing, that there is a distinction between this situation where the defendant is given a right to argue for a concurrent sentence and a case where the plea agreement is completely silent on concurrent or consecutive. But certainly the two situations are close enough that that constitutes a non-frivolous ground for appealing. Well, Your Honor, we cited various First Circuit cases for the proposition that just because you're not granted everything that you are allowed to argue for under an appeal I read your brief. All right. That doesn't answer my question. We would submit that those cases stand for the proposition that if you're given the right to argue for something and you don't receive it, that doesn't mean that your appeal waiver does not apply. If you were given, in fact, your right to argue. And so... That may actually go to an issue that may not be in front of us. Yeah. On Judge Selye's articulation, the government will have a chance if a notice of appeal is reinstated to make those arguments as to why the appeal has been waived. And I suspect your but-for analysis doesn't require us to resolve those merits questions. Judge Selye has just said a colorable question is probably enough. I can't imagine the Supreme Court was trying to lump the merits question in with this other question about the duty of counsel to take an appeal. Sure. Our only submission would just be that he needs to show that even if his attorney had, in fact, consulted with him regarding an appeal, he would have timely appealed. And our contention is that he cannot show that in this case because there's nothing on the record to indicate that he would have wanted to appeal even knowing that an appeal would have been futile and an appeal would have been futile in this case. Thus, he cannot show that but-for. Okay. Portion. Thank you. Thank you. Thank you, Your Honors. Mr. Perez-Redondo. May it please the Court? I would be happy to take any questions that the Court has, but if the Court has no further questions, we would rest on our briefs. We're always grateful when counsel gives up time. Thank you. Thank you, Your Honor.